**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ELMER ONELEO PEREZ-CHAMALE,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-412

Agency No.
A213-082-812

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 20, 2023**
San Francisco, California

Before: SILER,*** WARDLAW, and M. SMITH, Circuit Judges.

Elmer Oneleo Perez-Chamale, a citizen of Guatemala, petitions this court

to review a decision by the Board of Immigration Appeals (BIA) denying him

asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C.

§ 1252. We deny the petition for review.

---

\* This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Eugene E. Siler, United States Circuit Judge for the
Court of Appeals, Sixth Circuit, sitting by designation.

We review for substantial evidence the BIA's factual finding that a purported particular social group (PSG) lacks social distinction within a society, as well as its factual finding that a petitioner's persecution lacks a nexus to a protected ground. *See Macedo Templos v. Wilkinson*, 987 F.3d 877, 882–83 (9th Cir. 2021). Under the substantial-evidence standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

1. Substantial evidence supports the BIA's finding that Perez-Chamale's purported PSG of "business owners" lacks social distinction within Guatemalan society. In *Macedo Templos*, our court affirmed the BIA's rejection of the similar purported PSG of "wealthy business owners" after concluding that "[t]he record does not include evidence that Mexican society perceives wealthy business owners as a distinct group." 987 F.3d at 882. Perez-Chamale identifies no evidence in the record here that would compel the opposite conclusion as to "business owners" in Guatemalan society.

2. Substantial evidence also supports the BIA's finding that no nexus existed between Perez-Chamale's past persecution and his political opinion. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 357–61 (9th Cir. 2017) (nexus requirement); 8 U.S.C. § 1158(b)(1)(B)(i) (asylum); *id.* § 1231(b)(3)(C) (withholding of removal). The record establishes that gang members extorted Perez-Chamale because of his ability to pay, *not* because of his connection to the mayor. *See Macedo Templos*, 987 F.3d at 883 (affirming a no-nexus finding

because "[t]he evidence proves that [the petitioner's persecutors] . . . will target anyone they believe can pay, regardless of . . . background"). Perez-Chamale testified that he owned "three . . . [m]otorcycle taxis" and that the gang members extorted him "[b]ecause of the money that [he] would earn." He further testified that the gang members extorted "a lot of other individuals," including "all owners of motorcycle taxis." When asked whether the gang members "indicated that they were threatening [him] due to any type of political belief," he responded that "[t]hey never indicated that" but instead "always indicated [the extortion] was because of the moto[rcycle] taxis that [he] had." And when asked whether the gang members had any other motivation besides economic gain, Perez-Chamale responded: "No. Basically, it was just for my economic stability."[1]

3.      Remand is not needed in light of *Matter of A-B-*, 28 I. & N. Dec. 307 (A.G. 2021). Perez-Chamale's opening brief argues that decision changed the analysis of "claims that revolve[] around domestic violence" against women, but Perez-Chamale asserts he was extorted based on his family membership, status as a business owner, and political opinion.

The petition for review is **DENIED**.

---

[1]      To the extent Perez-Chamale argues that the extortion he suffered had a nexus to the PSG of his family, that argument also fails. He failed to exhaust that argument before the BIA. *See* 8 U.S.C. § 1252(d)(1). And in any event, the BIA's determination that the gang members were motivated solely by "financial gain" precludes any nexus to Perez-Chamale's family-based PSG.